ROBERT L. BLAND, Judge.
Claimant Sarah Ann Brown, a widow, and in the evening of her life at the advanced age of ninety-four years, resides on her farm of about thirty-five acres of land situate on the waters of Big Sycamore Creek, in Pleasants District, Clay county, West Virginia. Her adult daughter, Azora Brown, makes her home with her aged mother. During the summer of 1944 one Ray Noe, county road superintendent for the state road commission in said Clay county, met claimant’s daughter in the county seat. He informed claimant’s said daughter that the state road commission wanted to construct a road through her mother’s farm in front of the residence on said land. The daughter advised the representative of the road commission *42 that she would confer with her mother on the subject and talk with him on the following day at their home. Mr. Noe accordingly visited the home on the following day, where the proposed relocation of an existing secondary road would be constructed on claimant’s land. The details of the proposed construction or relocation of the new road through claimant’s land were discussed at length and fully understood and agreed to by both claimant and the county road superintendent, as well as by claimant’s daughter. No monetary consideration was to be paid by the road commission to claimant for the right of way over her premises, but certain things were to be done and performed by the road commission which, in the judgment of claimant and her daughter, would be of benefit to claimant. Prior to this time a primary road known as route 16 had been constructed in the vicinity of claimant’s land and certain drains built from this road through claimant’s land to the creek. It was distinctly understood that the road commission was to build a bridge at a point definitely designated, which bridge would be adjacent to and promote the convenience of claimant and her family in their use of their' property. Certain culverts were also to be constructed and a number of other incidental acts unnecessary, for the purposes of the determining of this case, to be detailed at this time. The right of way agreed upon would traverse some of the most valuable part of the land. During the construction of said right of way certain blasting of rocks or stones would have to be done, many of which fell upon and did injury to the improved portion of claimant’s land. Some of these rocks or stones fell upon the roof of the small residence in which claimant lived and did serious damage thereto. In the course of the work of relocation, a drain which had served the home was removed and never reinstated.
Members of the court made a personal inspection of the premises and could see for themselves what should have been done under the terms of the contract and what was not done in pursuance of said contract. Claimant did all that she was called upon to do on her part. She gave the land on which the right of way was constructed. She relied in good faith upon the representations made to her by the county superintendent *43 with respect to what would be done in return for such right of way by the road commission. Except in a few minor circumstances the road commission wholly failed and neglected to comply with the agreement made on its behalf with claimant by its said county road superintendent. He testified in the case and frankly admitted his failure to build the bridge or to do other things which constituted the real consideration for the right of way. He said that the road commission had not at the completion of the work been in a situation to obtain certain materials that would be necessary to the construction of the bridge in question, but that later when such material was available he found it necessary to make improvement in other sections of the county. In a word, the county superintendent having acquired the right of way through claimant’s premises and relocated the secondary road on her land, was not nearly so interested as he professed to be when he sought to obtain the contract. He frankly admitted that he obtained the right of way, made the relocation of the road and reconstructed the new road without any direction by the commission and entirely by his own volition. Of course the contract for the relocation of the road was irregular and unauthorized, but since the road commission has received the benefit accruing from the acquirement of the new location and the building of the new road thereon, the state is and should be estopped from relying on such irregularities. The road commission at the time of the hearing of the claim had acquired no title to the land on which the right of way was constructed. No agreement, deed or other muniment of such title is in existence. It has no record whatever of what was done at the behest and under the direction of its Clay county superintendent. It seems to the court of claims to be a very loose and unsatisfactory way to do such important business. Claimant, feeling that she has been aggrieved in the premises and that she has a just and meritorious claim against the road commission, has come into the court of claims for such relief as it may be able to afford her under the circumstances so clearly set forth both by the evidence heard and the personal inspection made by the court. She seeks an award of $3000.00. We are unable however to make or approve an award in that amount. We feel that the road commission *44 has violated the terms of the contract which it made under the circumstances hereinbefore set forth with claimant. We believe that she has a good, sound, meritorious claim arising out of the contract which she made in good faith and relied upon. The road commission has taken claimant’s land without paying her any money therefor or doing the things which it agreed to do in consideration of obtaining such right of way. We find it somewhat difficult to itemize the damages sustained by claimant, but after a careful consideration of her claim we are of opinion that in equity and good conscience and upon every principle of sound law she has been damaged at least to the extent of $500.00.
An award is therefore now made in favor of claimant, Sarah Ann Brown, for the sum of five hundred dollars ($500.00), but with the understanding that she shall make, execute and deliver to the state road commission any such deed or agreement as is proper and necessary for the right of way through her land.